UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO JAMES,

    *Plaintiff,*                                                  CASE NO. 11-CV-10422

v.                                                      DISTRICT JUDGE MARK GOLDSMITH
                                                        MAGISTRATE JUDGE CHARLES BINDER

VICTOR J. KACZMAR,

    *Defendant.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(Doc. 19)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Orlando James, a state prisoner currently confined at the Michigan Department of Corrections' ("MDOC") Ryan Correctional Facility in Detroit, Michigan, brings this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his Eighth Amendment right to not have his serious medical needs met with deliberate indifference was violated in January 2009 by Defendant Kaczmar, a registered nurse at the MDOC's Gus Harrison Correctional Facility ("ARF").

On March 7, 2011, Plaintiff's application to proceed without prepayment of fees was granted by U.S. Magistrate Judge R. Steven Whalen, who also directed that the U.S. Marshal serve

the complaint on Defendant Kaczmar. (Docs. 4, 5.) On March 18, 2011, U.S. District Judge Mark A. Goldsmith entered an order referring pretrial matters to the undersigned magistrate judge. (Doc. 7.)

Before the Court is Defendant Kaczmar's motion for summary judgment. (Doc. 19.) Plaintiff filed two responses in opposition to the motion. (Doc. 21, 22.) I conclude that, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

### B. Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-

moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

    **C.    Governing Law**

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the U.S. Constitution. The Court explained that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence

3

deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

A violation of the Eighth Amendment can be "manifested by prison doctors and their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104. The inquiry is two-pronged, consisting of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective inquiry asks whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298.

### D.     Allegations and Parties' Arguments

Plaintiff alleges in his complaint that during the night of January 29, 2009, he was "awaken[ed] by an excruciating erection." (Compl., Doc. 1 at 4.) Plaintiff believes this may have been a side effect of the prescription medication Geodon, which he was given earlier that evening. Plaintiff states that after three hours of pain, he notified the staff and, two hours after that, he was taken to the prison's healthcare department where he was seen by Defendant Victor Kaczmar, a registered nurse. (*Id.*) Plaintiff states that "Nurse Kaczmar told the plaintiff to pull down his pants and visually examined the erection and[,] wrongfully concluding that Plaintiff James did not have a full erection[,] sent the plaintiff back to his cell without giving the plaintiff anything for the excruciating pain he was experiencing." (*Id.*) Plaintiff states that he was later sent to the hospital, where two surgical procedures were performed. Plaintiff alleges that the doctor at the hospital informed him that surgery was required due to the long delay in being treated. Plaintiff avers that he is now unable to achieve an erection or procreate without additional surgery. Plaintiff seeks

$500,000 in compensatory damages and $500,000 in punitive damages from Defendant Kaczmar, whom he is suing in both his official and individual capacities. (*Id*.)

Defendant Kaczmar moves for summary judgment on the basis that Plaintiff has failed to satisfy the subjective component of an Eighth Amendment deliberate indifference claim.[1] (Doc. 19, Br. at 3.) In support of his motion, Defendant Kaczmar has submitted an affidavit and three medical records. (Doc. 19 at Ex. 1 & Attach. A-C.) Defendant avers that when he examined Plaintiff at 2:51 a.m. on January 30, 2009, Plaintiff's "penis was slightly engorged and he did not have a full erection." (Kaczmar Aff., Doc. 19, Ex. 1 ¶ 6.) Defendant further states that, "[d]uring the examination, James continued to stroke his penis with his hand." (*Id*.) Defendant states that he then "contacted MDOC's Duane Waters Hospital and consulted with Nurse Practitioner Shook and was instructed to have ARF's Medical Provider (MP) evaluate James in the morning." (*Id*. ¶ 7.) Defendant avers that he then "instructed James to stop touching his penis, and if he was still uncomfortable, he should apply a warm compress . . . and if this did not improve his condition, he should try a cold compress." (*Id*. ¶ 8.) Defendant states that he then "instructed James that he was to contact Healthcare if he became fully erect for more than four hours." (*Id*. ¶ 9.) Defendant Kaczmar avers that "James never contacted Healthcare for the remainder of [Defendant's] shift." (*Id*.)

Defendant points to *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988), where the Sixth Circuit explained that to demonstrate deliberate indifference, a plaintiff must show that a defendant's actions were tantamount to an intent to punish, and asserts that Plaintiff's allegations against Defendant in this case do not rise to that level. (Doc. 19, Br. at 4.) Furthermore, Defendant

---

[1] Defendant concedes for purposes of this motion only that Plaintiff's medical condition was sufficiently serious to satisfy the objective element of the deliberate indifference inquiry. (Doc. 19, Br. at 3.)

5

points out that, as a nurse, he cannot prescribe medication and must follow the orders of the prescribing physician. (*Id.*) Defendant also moves for summary judgment based on Plaintiff's failure to place evidence in the record to verify that a delay in medical treatment caused injury, as required by *Napier v. Madison County*, 238 F.3d 739, 741 (6th Cir. 2001).

### E. Analysis & Conclusion

#### 1. Official Capacity Claim

I first suggest that Defendant Kaczmar is entitled to summary judgment on the claim brought against him in his official capacity because it is barred by Eleventh Amendment immunity. A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). Therefore, suing this MDOC employee in his official capacity is the same as suing the State of Michigan.

The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or expressly in § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the claim against Defendant Kaczmar in his official capacity is barred by Eleventh Amendment immunity.

### 2. Personal Capacity Claim

Plaintiff alleges that Defendant Nurse Kaczmar was deliberately indifferent to his serious medical needs when Defendant failed to properly diagnose Plaintiff's painful erection as an emergency requiring immediate attention by a doctor. Plaintiff asserts that Defendant's

> total disregard for Plaintiff['s] well-being should be sufficient enough to demonstrate deliberate indifference. Plaintiff went to health care for an erect penis. Defendant was well advise[d] as to the severe condition of pain that Plaintiff was experiencing. . . . Plaintiff should have been referred to the doctor, who in all probability could have diagnosis [sic] the problem. **This lack of Professionalism indeed constitutes the subject component of deliberate indifference,** as well as negligent [sic] on the part of Defendant.

(Pl.'s Reply, Doc. 21 at 6 (emphasis in original).)

As the Supreme Court recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

I suggest that Plaintiff's allegations, at most, assert that Defendant Kaczmar was negligent in diagnosing the severity of Plaintiff's condition, which is insufficient to state a constitutional violation. "Whether diagnostic techniques or particular forms of treatment are indicated for a prisoner is a matter of medical judgment and a medical decision not to order such measures does not equate with cruel and unusual punishment in violation of the Eighth Amendment." *Richardson*

7

*v. Hackel*, No. 05-CV-73339-D, 2005 WL 2173326, *2 (E.D. Mich. Sept. 6, 2005) (citing *Sult v. Prison Health Services Polk County Jail*, 806 F. Supp. 251, 252 (M.D. Fla. 1992)). Similarly, "lack of professionalism," as Plaintiff alleges, does not equate with cruel and unusual punishment. When a plaintiff acknowledges that he received medical attention but claims that it was negligent or inadequate, he is alleging a medical malpractice claim which does not rise to the level of an Eighth Amendment violation pursuant to *Estelle* and *Westlake*.

I further suggest that there is no evidence presenting a sufficient disagreement to require submission to a jury regarding whether Defendant Kaczmar acted with a "sufficiently culpable state of mind" under the subjective component of the deliberate indifference standard. *See Wilson,* 501 U.S. at 298. Defendant has presented evidence indicating that, during the examination of Plaintiff, Defendant consulted with a nurse practitioner at Duane Waters Hospital and was instructed that the appropriate course of action was to schedule Plaintiff for an urgent appointment with the prison's medical provider later that morning. (Doc. 19, Ex. A, Attach. B at 2.) Plaintiff has not presented any evidence to refute this, and neither has Plaintiff contradicted Defendant's assertion that Plaintiff never contacted healthcare again during Defendant Kaczmar's shift. Clearly, in light of these facts, it cannot be said that Defendant Kaczmar "knew of and disregarded a substantial risk of serious harm to [Plaintiff's] health and safety." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 835-37).

Finally, I suggest that Defendant is correct that Plaintiff has failed to comply with *Napier*'s requirement that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier*, 238 F.3d at 742 (quotation marks and citation omitted). The Sixth Circuit has explained that "*Napier* applies where the

8

plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). That is precisely the situation in this case, and Plaintiff has not placed any such medical evidence in the record.

Accordingly, with regard to the claim that Defendant Kaczmar violated Plaintiff's Eighth Amendment rights on January 30, 2009, I suggest that summary judgment be granted to Defendant and the case be dismissed in its entirety because the evidence is "so one-sided that one party must prevail as a matter of law." *Booker,* 879 F.2d at 1310.

### 3. Qualified Immunity

In his motion for summary judgment, Defendant Kaczmar raised the defense of qualified immunity. (Doc. 19, Br. at 7.) In *Saucier v. Katz*, the Supreme Court stated: "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *see also Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant . . . does not need qualified immunity."). Because the Court suggests that Plaintiff's allegations of improper diagnosis and treatment fail to rise to the level of a constitutional violation, there is no necessity for a discussion of qualified immunity.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See*

9

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: July 12, 2012                      United States Magistrate Judge


## **CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Allen Soros, and served by first class mail on Orlando James, #252844, Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI, 48212-1155.


Date: July 12, 2012                     By     s/*Jean L. Broucek*
                                                          Case Manager to Magistrate Judge Binder