UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO JAMES,

       Plaintiff,                                 Civil Action No.
                                                   11-CV-10422

vs.

                                                   HON. MARK A. GOLDSMITH

VICTOR J. KACZMAR,

       Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER, (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (4) DENYING AS MOOT ALL OTHER OUTSTANDING MOTIONS**

This is a case brought by a pro se prisoner claiming that Defendant, a prison nurse, was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide Plaintiff with adequate medical treatment. Specifically, Plaintiff alleges that Defendant failed to recognize that his medical condition – a prolonged erection – was serious and required immediate medical intervention by a doctor. Because of the delay in treatment, Plaintiff alleges that two surgical procedures were later required and that he is currently unable to achieve an erection or procreate. Plaintiff seeks money damages.

Now before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Charles E. Binder, issued on July 12, 2012. The Magistrate Judge recommends that Defendant's motion for summary judgment be granted. Specifically, the Magistrate Judge concludes that Plaintiff's claim against Defendant in his official capacity is barred by the Eleventh Amendment. The Magistrate Judge further concludes that summary judgment in favor of Defendant is proper on Plaintiff's claim against Defendant in his individual capacity

because: (i) Plaintiff, at most, alleges that Defendant was negligent, which is insufficient to state a constitutional violation, (ii) there is no evidence that Defendant acted with a sufficiently culpable state of mind, and thus Plaintiff cannot satisfy the subjective component of the deliberate indifference standard, and (iii) Plaintiff has failed to adduce, pursuant to Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001), medical evidence verifying the detrimental effect of the delay in medical treatment.

Plaintiff has filed objections to the R&R, and the Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b).[1] Having done so, and for the reasons that follow, the Court sustains in part and overrules in part the objections and grants Defendant's motion.

In his first objection, Plaintiff argues that the Magistrate Judge erred by recommending that summary judgment be granted in favor of Defendant prior to commencement of discovery. Plaintiff argues that discovery would allow him to fill evidentiary gaps found by the Magistrate Judge to be fatal to Plaintiff's case.

The Federal Rules of Civil Procedure permit entry of summary judgment prior to the commencement of discovery. See Fed. R. Civ. P. 56(b) (party may move for summary judgment "at any time until 30 days after the close of all discovery"). However, the rules also allow courts to defer ruling on, or deny, a motion for summary judgment after a motion for summary judgment is filed, if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In the affidavit or declaration, the non-moving party must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has

---

[1] Plaintiff has filed a motion asking for an extension of time in which to file objections (Dkt. 26). However, he has filed timely objections. Therefore, the motion for extension is denied as moot.

not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

In the summary judgment proceedings before the Magistrate Judge, Plaintiff never asserted – much less filed the appropriate affidavit or declaration demonstrating – that discovery would be necessary to effectively oppose Defendant's motion for summary judgment. He certainly had the opportunity to do so; Plaintiff filed – and the Magistrate Judge permitted – not just one, but two response briefs in opposition to Defendant's motion. Nowhere in either brief does Plaintiff request that entry of summary judgment await discovery. It was only after the Magistrate Judge issued an R&R recommending entry of summary judgment in favor of Defendant that Plaintiff raised the issue.

Rule 56(d) "will not be liberally applied to aid parties who have been lazy or dilatory." 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice & Procedure § 2740 (3d ed. 1998); see also King v. Nat'l Indus., Inc., 512 F.2d 29, 34 (6th Cir. 1975) (Rule 56(d), which was formerly Rule 56(f), was not designed for situation where plaintiff's discovery problems are caused by lack of diligence). Here, where the issue of discovery was raised for the first time in Plaintiff's objections to the R&R, the Court concludes that Plaintiff's conduct was clearly dilatory and, accordingly, declines to entertain Plaintiff's late request for discovery. See United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (issues raised for the first time in objections to magistrate judge's report and recommendation deemed waived). Accordingly, Plaintiff's first objection is overruled.

In his second objection, Plaintiff argues that the Magistrate Judge erred by finding Plaintiff's official capacity claim against Defendant barred by the Eleventh Amendment. In support, Plaintiff points out that state officials can, consistent with the Eleventh Amendment, be sued in their official capacities for injunctive relief. While Plaintiff is correct on the legal

point, his argument overlooks the fact that he does not seek injunctive relief.² Plaintiff's second objection is overruled.

In his third objection, Plaintiff argues that the Magistrate Judge erred in concluding that Defendant was no more than negligent in treating Plaintiff. According to Plaintiff, the medical treatment he received from Defendant was "grossly inadequate," amounting to no treatment at all, thus constituting an Eighth Amendment violation. Plaintiff relies mainly on Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976), in support of his argument. There, the Sixth Circuit reversed the district court's grant of a motion to dismiss where the plaintiff, a jail inmate, was refused medical treatment after days of stomach pains and abdominal distress, and was given only a mild antacid after vomiting blood.

The undisputed facts in the present case reveal that Defendant (1) examined Plaintiff, (2) contemporaneously reviewed Plaintiff's medical records, (3) consulted with a nurse practitioner at Duane Waters Hospital for instruction on how to proceed with Plaintiff's medical treatment, (4) gave Plaintiff detailed treatment instructions, and (5) instructed Plaintiff to seek additional medical assistance if his condition worsened. The Court concludes, as a matter of law, that Defendant's conduct does not constitute an Eighth Amendment violation; Westlake is plainly inapposite.³ Plaintiff's third objection is overruled.

In his fourth objection, Plaintiff contests the Magistrate Judge's conclusion that there is no fact question on the issue of whether Defendant acted with a sufficiently culpable state of mind. Plaintiff states in his objections that Defendant "intentionally misled" the nurse practitioner with whom Defendant consulted about Plaintiff's condition by lying to the nurse

---

² Rather, Plaintiff seeks only an award of compensatory damages in the amount of $500,000, and punitive damages in the same amount.

³ Notably, on no less than eight occasions in his motion papers, Plaintiff himself characterizes Defendant's actions as "negligent." See Pl. First Resp. at 3, 4, 5, 6, 9 (Dkt. 21); Pl. Second Resp. at 4, 5, 6 (Dkt. 22).

4

practitioner about whether Plaintiff had an erection, causing the nurse practitioner to instruct Defendant based on inaccurate facts about Plaintiff's condition. The Court summarily rejects these conclusory allegations as without any evidentiary support on this record.

Notwithstanding Defendant's testimony that Plaintiff "never contacted Healthcare for the remainder of [Defendant's] shift," Defendant Aff. ¶ 9 (Dkt. 19-1), Plaintiff insists that he did, in fact, request of unspecified correction officers that he be returned to healthcare on the morning in question, to no avail.[4] Even if this is true, it is unclear how any failure by the corrections officers to return Plaintiff to healthcare would support a finding that Defendant violated Plaintiff's Eighth Amendment rights. For these reasons, Plaintiff's fourth objection is overruled.

In his fifth objection, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's deliberate indifference claim fails because Plaintiff failed to present evidence establishing that the delayed medical treatment he purportedly received as a result of Defendant's conduct had a detrimental effect. See Napier v. Madison Cnty., 238 F.3d 739, 742 (6th Cir. 2001) (holding that an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed). In his objections, Plaintiff points out, correctly, that inmates need only submit verifying medical evidence establishing the detrimental effect of the delay in medical treatment "if the need [for treatment] 'involves minor maladies or non-obvious complaints of a serious need for medical care.'" Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005) (quoting Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 898 (6th Cir. 2004)). Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's claim fails on Napier grounds without first concluding that that his complaint involved "minor maladies or non-obvious complaints."

---

[4] This assertion is supported by the affidavit of Plaintiff's then-cellmate, which was presented for the first time when Plaintiff filed his objections to the R&R.

Plaintiff's argument here is well-taken; the Court concludes that the Magistrate Judge's analysis on this issue is overly-simplistic and, accordingly, does not rely on the <u>Napier</u> framework as a basis to dispose of Plaintiff's claims.

Plaintiff's sixth and final objection is premised on arguments that have already been rejected by the Court. Accordingly, Plaintiff's sixth objection is overruled.

For the reasons stated above, the Court accepts and adopts the Magistrate Judge's R&R insofar as it is consistent with the foregoing, sustains in part and overrules in part Plaintiff's objections to the R&R, grants Defendant's motion for summary judgment (Dkt. 19), and denies all other pending motions as moot.

SO ORDERED.

Dated: August 22, 2012  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager